UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD E. MILHOUSE,

               Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

               Defendants.

22-CV-8980 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Plaintiff also purports to assert claims under federal criminal statutes. By order dated October 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Muhammad E. Milhouse brings his claims using the court's general complaint form. He checks the box to invoke the Court's federal question jurisdiction, and in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "USC 42 1983 & Rule 8(d)(3) 903 False statement, concealment – 18 USC § 1001 Obstruction of Justice. United States Dept of Justice 914 concealment failure to Disclose United States v. Lutwak, 195 F.2d 74 7th cir. (1948) 344 US 604 (1953)[.]" (ECF 2, at 2.)

In the caption of the complaint, Plaintiff names "The City of New York Et al" as the defendant and in the complaint he also lists the following as defendants: New York City Police Department (NYPD) Special Victims Unit (SVU) Detective Joseph Roudon; NYPD SVU

Detective Sergeant Rodriguez; ICO Lieutenant Solla;[1] and a John/Jane Doe SVU detective. (*See id.* at 4-5.) Finally, on the last several pages of the complaint, Plaintiff lists more than 250 additional defendants. (*See id.* at 45-47.)

The following allegations are taken from the complaint, which is confusing and difficult to follow. Plaintiff's claims arose at "137 Centre Street Headquarters." (*Id.* at 5.) On February 10, 2021,

> NYC NYPD Special Victims (unit) Squad Detective J. Rouden committed the falling of my victims rights along with SGT Rodriguez on NYPD Special Victims Squad complaint - #2021-001-00065 File 32 Report Cmd 001 Precinct 001 Sector B Classification Sexual – Abuse – Most serious offense misdemeanor. [A]ll of which is false I told the police in the 1pct where I reported the crime initially that I was raped and assaulted and drugged[.] I just got out of that horrifying ordeal and I'm very fatigue so the African American female asked me and I told her what happened she wrote the report and said somebody will take me to the Special Victims Squad. So I ended up waiting 5 hours for transportation. The whole ordeal was strange like did I have to wait soon long? I believe the falling is why. The violation of my victims rights section 903 false statements concealment – 18 USC § 1001 – obstruction of justice is considered a crime against justice itself. By obstructing Justice, one is seeking to thrwart the process of Justice and the operation of the Justice system – U.S. Department of Justice (archives) – 914 concealment – failure to Disclose – Although 18 USC § 1001 is often reffered to as a false statement statute, (the police report – and the entire investigation its scope extends <u>beyond</u>.)"

(*Id.* at 5-6.)[2]

Because of Detective Raudon's, ICO Lt. Solla's, and Sergeant Rodriguez's "refusal to arrest" the alleged perpetrator, Plaintiff believes his health and well-being, and that of his family, is being put at risk. (*Id.* at 7.) He states that, when he calls the police, "I'm treated like the one's committed a crime," and that "the one's that I call the police on are treated with respect and let

---

[1] The Court understands "ICO" to stand for Integrity Control Officer.

[2] Plaintiff's handwritten complaint uses irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. The complaint is quoted verbatim, and all spelling, grammar, and punctuation are as in the original, unless indicated otherwise.

go" without Plaintiff being provided with an explanation. (*Id.*) Plaintiff lists the numbers and dates of complaints he has filed with the Internal Affairs Bureau (IAB).

Plaintiff also describes an incident or incidents that occurred between January 20, 2021, and February 7, 2021, while Plaintiff was staying at a New York City Department of Homeless Services Covid-19 isolation site located at a Hilton Hotel in Manhattan. Plaintiff alleges that, while he was at the isolation site, staff "found me sleeping tied me down drug[g]ed me and raped me sexually assaulted me sodomized me tortured by means of conducting medical procedures." (*Id.* at 9.) Plaintiff's allegations arising from the assault at the Hilton are the subject of two ongoing consolidated actions in this district. *See Milhouse v. Hilton Garden Inn Employees*, No. 22-CV-2934 (JPC) (BCM) (S.D.N.Y.) (lead case);[3] *Milhouse v. New York City (DHS)*, No. 22-CV-2940 (JPC) (BCM) (S.D.N.Y.). In the complaint in this action, Plaintiff alleges that, despite the "physical evidence" and "medical reports" related to the assault, the SVU has not attempted to make an arrest. (ECF 2, at 9.)

Plaintiff describes his injuries as damage to his "cervical spine" and "[b]rain damage," and references medical records that he attaches to the complaint. (*Id.* at 6.)

In the section of the complaint form asking Plaintiff to describe the relief he seeks, he writes, "I Muhammad E. Milhouse of sound mind ask this federal courthouse grand [sic] me the Justice of every victims wish – which is the see the people who made them a victim go to jail." (*Id.*) Elsewhere in the complaint, he asks the Court to "order the arrest" of the site staff at the Covid-19 isolation center. (*Id.* at 49.)

---

[3] On October 20, 2022, Plaintiff filed a second amended complaint in the lead case. *See* ECF 1:22-CV-2934, 13.

**DISCUSSION**

The Court understands the complaint to be asserting claims under 42 U.S.C. § 1983, that Defendants violated Plaintiff's federal constitutional rights. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.      **Failure to Investigate or Make an Arrest**

To the extent that Plaintiff asserts substantive due process claims under Section 1983 against the City of New York and individual NYPD officers arising from their alleged failure to investigate Plaintiff's complaint or make an arrest based on his allegations, the Court must dismiss those claims. Government officials generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also*, *e.g.*, *Baltas v. Jones*, No. 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; (2) when government officials affirmatively create or increase

5

danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Neither of the exceptions to the rule is applicable here. Plaintiff's allegations show that he was never in the custody of the state, and the danger of which he complains was not affirmatively created or increased by government officials. The Court therefore dismisses Plaintiff's claims for failure to investigate or make an arrest for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Private Prosecution**

The Court must also dismiss Plaintiff's claim in which he seeks a criminal investigation or the arrest of individuals he alleges harmed him. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

---

[4] Moreover, to state a claim under Section 1983 against a municipality such as the City of New York, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff alleges no facts showing that there is a City of New York policy, custom, or practice that has caused a violation of his federal constitutional rights. Furthermore, even if the City of New York had a policy, custom, or practice that caused the NYPD's alleged failure to investigate or arrest, there would be no Section 1983 claim. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (holding that if there is no underlying constitutional violation, a court need not examine whether the municipality is liable under Section 1983).

Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

**C.    Additional Defendants**

The Court also dismisses any claims Plaintiff purports to be asserting against the more than 250 defendants he lists at the end of the complaint. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how any of the defendants listed on pages 45-47 of the complaint were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.  Claims Asserted in Plaintiff's Other Actions**

Plaintiff asserts claims against the City and NYPD officials arising from their alleged failure to investigate the events that allegedly occurred at the Covid-19 isolation site in January and February 2021, but it is unclear whether he intends to assert claims arising directly from these events. In any event, Plaintiff has already filed two actions regarding those events, which have been consolidated and are currently assigned to Judge John P. Cronan and referred to Magistrate Judge Barbara C. Moses. Most recently, on October 20, 2022, Plaintiff filed a Second Amended Complaint in the lead action. *See* ECF 1:22-CV-2934, 13. If Plaintiff wishes to bring new claims or allege additional facts in connection with those events, he may seek to file an amended complaint, to the extent permitted by Rule 15 of the Federal Rules of Civil Procedure, in that pending action.

**E.  Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### F.      Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. To the extent Plaintiff wishes to assert new claims or allege additional facts in connection with the events at the Covid-19 isolation site that form the basis of his ongoing action in No. 22-CV-2934, may seek to do so by filing an amended complaint in that action, to extent permitted by Rule 15 of the Federal Rules of Civil Procedure.

## CONCLUSION

The Court dismisses Plaintiff's claims arising from Defendants' alleged failure to investigate or make an arrest arising from his complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

Any claims Plaintiff may be asserting arising from the events at the Covid-19 isolation site that form the basis of his consolidated cases pending under docket numbers 22-CV-2934 and 22-CV-2940 are dismissed without prejudice to Plaintiff filing an amended complaint in the pending lead action, No. 22-CV-2934, to extent permitted by Rule 15 of the Federal Rules of Civil Procedure.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's "Notice of Motion" (ECF 4) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   December 6, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge